Mary-Anne S. Rayburn, OSB No. 803680
mrayburn@martinbischoff.com
MARTIN BISCHOFF TEMPLETON
  LANGSLET & HOFFMAN, LLP
888 S.W. Fifth Ave., Suite 900
Portland, OR  97204
Telephone:    503-224-3113
Facsimile:     503-224-9471

Kim M. Schmid, Admitted *Pro Hac Vice*
kim.schmid@bowmanandbrooke.com
Mary T. Novacheck, Admitted *Pro Hac Vice*
MaryT.novacheck@msp.bowmanandbrooke.com
Molly J. Given, Admitted Pro Hac Vice
Molly.given@msp.bowmanandbrooke.com
Bowman and Brooke, LLP
150 South Fifth Street, Suite 3000
Minneapolis, MN  55402
Telephone:    612-672-3276
Facsimile:     612-672-3200

        Of Attorneys for Defendant, Breg, Inc.


                UNITED STATES DISTRICT COURT

            DISTRICT OF OREGON, EUGENE DIVISION

| | |
|---|---|
| **MATTHEW SLAVENSKI**,                )<br>                                    )<br>        Plaintiff,                   )<br>                                    )<br>    v.                              )<br>                                    )<br>**BREG, INC.**, a California Corporation,  )<br>                                    )<br>        Defendant.                  )<br>_____  )<br>                                    ) | Case No. 09-CV-06241-AA<br><br>The Honorable Ann Aiken<br><br>**STIPULATED JOINT MOTION FOR PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS** |

              <u>**JOINT MOTION AND STIPULATION**</u>

        WHEREAS, the parties, through their counsel, have requested or may request

other parties to make available for inspection and/or copying documents and various

materials; and

        WHEREAS, Defendants contend that good cause exists for the entry of a

protective order as some or all of those documents are in whole or in part proprietary

Page 1 - **STIPULATED JOINT MOTION FOR PROTECTIVE ORDER
REGARDING CONFIDENTIAL DOCUMENTS**

information, competitively sensitive, confidential business records, and/or trade secrets, all of which are "confidential" as herein defined; and

WHEREAS, Defendants require that the confidentiality of the documents and the information contained in those documents be maintained; and

WHEREAS, the parties and their attorneys have agreed to comply with the letter and intent of that confidentiality;

NOW, THEREFORE, IT IS HEREBY UNDERSTOOD AND AGREED upon by this stipulation of the parties, and an Order of the Court is requested, as follows:

1.     At such time as Defendants or their counsel deliver to the parties or their attorneys any documents in this case, or divulge any information contained therein, Defendants' counsel shall designate as "CONFIDENTIAL" any such documents, materials, or information they claim constitute or contain confidential documents and/or information.  As used herein, the term "confidential document" means any document containing proprietary, confidential, and/or trade secret information and designated by Defendants as "CONFIDENTIAL."

2.     The parties and their attorneys shall not give, show or otherwise directly or indirectly disclose any "CONFIDENTIAL documents" or the substance thereof, or any copies, prints, negatives, or summaries thereof, to any entity or person except the parties herein and any agents, experts, or consultants employed by the parties or their attorneys in connection with and solely for this action.

3.     Any and all of the parties' experts, consultants, and/or counsel associated in this litigation and any other person who is permitted access to "CONFIDENTIAL documents" pursuant to this Stipulation and Protective Order shall be presented with a copy of this Stipulation and Order.  Those experts, consultants, counsel, and other

persons shall not give, show, or otherwise directly or indirectly disclose any "CONFIDENTIAL documents" to any entity or person, except as may be necessary in preparing to render or rendering expert advice or assistance in and solely for this action only. Those experts, consultants, counsel and other persons shall by required to execute the document attached as Exhibit A, acknowledging their agreement to act in accord with the terms specific to this Stipulation and Order.

4.     At the conclusion of the work of such experts, consultants, counsel, or other persons as described in Paragraph 3 herein, all "CONFIDENTIAL documents" shall be returned to the attorneys who retained the expert or consultant or who otherwise provided access to the "CONFIDENTIAL documents." Upon completion of the trial and any appeals in this action and the satisfaction of any judgment, or upon the conclusion of any settlement or other resolution of this action, the parties' attorneys shall return all "CONFIDENTIAL documents", including all copies thereof, to Defendants' counsel within sixty (60) days.

5.     The parties to this action and their attorneys agree that all objections, including, but not limited to, objections based on relevancy, materiality, and privilege, are reserved, and that all objections to admissibility may be asserted at the time of trial of any action in which "CONFIDENTIAL documents" are used or offered, should any party deem objections proper.

6.     Any "CONFIDENTIAL documents" attached as an exhibit to any deposition taken in this action, and any deposition testimony containing information from "CONFIDENTIAL documents" and/or materials, and any papers filed with the Court in this action, which include or summarize any deposition transcripts, testimony, or exhibits containing information derived or taken from "CONFIDENTIAL documents," shall be

sealed and protected from disclosure by this Stipulation and Protective Order.  The use of any "CONFIDENTIAL documents" during depositions in this action does not waive the terms of this Stipulation and Protective Order.

7.      The terms of this Stipulation and Protective Order shall remain fully active until released by written consent of Defendants.  The Court shall retain jurisdiction over the parties, this Stipulation and Protective Order, and recipients of "CONFIDENTIAL documents" for the sole purpose of enforcing this Stipulation and Order and adjudicating claims of breaches thereof and administering damages and other remedies related thereto.  The provisions of this Stipulation and Protective Order shall continue to be binding as to the "CONFIDENTIAL documents" produced pursuant to it.

8.      Upon execution of this Stipulation by the attorneys of record for the parties, the parties and their attorneys agree that they shall adhere to and be bound by this Stipulation in the event that the Court does not enter a Protective Order pursuant to this Stipulation.

9.      If one of the parties reasonably believes that any document or information should not have been designated as "CONFIDENTIAL", that party must specify, in writing, to the specific Defendant: (a) the document or information at issue and; (b) the grounds for questioning the confidentiality designation.  The party questioning the designation and the specific Defendant must meet and confer in good faith in an attempt to resolve the designation without the Court's intervention.  Upon written notice to the specific Defendant that the disagreement with respect to the designation cannot be resolved informally, the specific Defendant has thirty (30) days to move the Court for a protective order approving of the "CONFIDENTIAL document" designation.  Until the Court rules, the confidentiality designation shall remain in effect.  If the Defendant's

motion for protection is denied, the document or information shall no longer be designated as "CONFIDENTIAL". The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c). Nothing in this paragraph shall be construed as changing the burden of proof set forth in the Federal Rules of Civil Procedure.

10.    If a party inadvertently produces a "CONFIDENTIAL document" containing confidential information without marking or labeling it as such, the information shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the designating party provides written notice to the receiving party within ten (10) days of the discovery of the inadvertent production of the document, identifying the document in question and of the corrected confidential designation for the document.

11.    Inadvertent production of any document that a party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege. The designating party may request the return of any Inadvertently Produced Privileged Document. A request for the return of an Inadvertently Produced Privileged Document shall identify the document inadvertently produced and the basis for withholding such document from production. If a party or nonparty requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of another party or nonparty, such other party shall within five (5) business days return to the requesting party or nonparty the Inadvertently Produced Privileged Document and all copies thereof. The party

returning such material may then move the Court for an order compelling production of the material, but that party shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

12.    If any attorney designates documents as confidential, or files with or submits to the court any of its own confidential (a) documents, responses, transcripts or things as defined by this order, or information derived there from, or (b) any affidavits, memoranda, exhibits or other papers containing or making reference to such party's own confidential documents, responses, transcripts or things, or any information contained therein, then such attorney shall first consider whether redacting portions of such materials that contain or refer to confidential information is practical and will protect the confidential information while leaving other non-confidential information meaningful, as required by *Foltz v. State Farm Mutual Automobile Insurance Company*, 331 F.3d 1122 (9th Cir. 2003).  If so, redacted versions of such material shall be filed with the court according to the standard filing procedures.  This provision only applies to a party's own confidential information.

13.    The Court retains discretion to deny confidential treatment to any documents or discovery material submitted in connection with any motion, application, proceeding or paper that may result in an order or decision by the Court, as set out in *Kamakana v. Honolulu*, 447 F.3d 1172 (9th Cir. 2006); *Foltz v. State Farm Mutual Automobile Insurance Company*, 331 F.3d 1122 (9th Cir. 2003); and other controlling law.

14.    Nothing herein shall govern the procedures to be used at trial, which shall be set by this Court immediately preceding the commencement of trial.

15.    The Court retains jurisdiction to enforce or, upon stipulation of the parties

to this action, to amend or modify, the Protective Order.

Respectfully submitted this 16th day of March 2010.

IT IS SO STIPULATED AND JOINTLY MOVED.

Dated:  March 16, 2010.                    **s/Leslie O'Leary**
                                           Williams Love O'Leary & Powers, PC
                                           **Michael L. Williams**
                                           **Linda C. Love**
                                           **Leslie W. O'Leary**
                                           **Thomas B. Powers**
                                           **Heather Brann**
                                           9755 SW Barnes Road
                                           Suite 450
                                           Portland, OR 97225-6681

                                           and

                                           **Laura B. Kalur**
                                           Kalur Law Office
                                           9755 S.W. Barnes Road
                                           Suite 450
                                           Portland, OR 97225

                                           and

                                           **Camille L. Edwards**
                                           **W. Todd Harvey**
                                           Burke, Harvey & Frankowski, LLC
                                           2151 Highland Avenue
                                           Suite 120
                                           Birmingham, AL 35205

                                           and

                                           **Braxton Schell**
                                           Braxton Schell, Jr., P.C.
                                           1330 21st Way South
                                           Suite 210
                                           Birmingham, AL 35205

                                           **ATTORNEYS FOR PLAINTIFF**

Dated:  March 16, 2010.                    **s/Molly J. Given**
                                           Bowman and Brooke LLP

Page 7 - **STIPULATED JOINT MOTION FOR PROTECTIVE ORDER
REGARDING CONFIDENTIAL DOCUMENTS**

Kim M. Schmid (*pro hac vice*)
Mary T. Novacheck (*pro hac vice*)
Molly J. Given (*pro hac vice*)
150 South 5th Street, Suite 3000
Minneapolis, MN 55402
Telephone:  612.339.8682
Facsimile:   612.672.3200

and

Mary-Anne S. Rayburn, OSB No. 803680
Martin Bischoff Templeton Langslet &
   Hoffman LLP
888 S.W. Fifth Ave., Suite 900
Portland, OR  97204
Telephone:  503-224-3113
Facsimile:   503-224-9471

**ATTORNEYS FOR DEFENDANT BREG, INC.**

**EXHIBIT A**

I hereby attest to my understanding that the information or documents designated as "CONFIDENTIAL" are provided to me subject to the Joint Motion and Protective Order Re Confidential Documents dated _____, (the "Protective Order"), in the above-captioned litigation; that I have been given a copy of and have read the Protective Order; and that I agree to be bound by its terms. I also understand that my execution of this Endorsement indicating my agreement to be bound by the Protective Order is a prerequisite to my review of any information or documents designated as "CONFIDENTIAL" pursuant to the Protective Order. I further agree that I shall not disclose to others, expect in accord with the Protective Order, any "CONFIDENTIAL documents," as defined herein, or any information contained in such "CONFIDENTIAL documents," in any form whatsoever, and that such "CONFIDENTIAL documents" and the information contained therein may be used only for the purposes authorized by the Protective Order. I further agree and attest to my understanding that my obligation to honor the confidentiality of such "CONFIDENTIAL documents" will continue even after this litigation concludes. I further agree and attest to my understanding that, if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of this Court for the purposes of any proceedings relating to enforcement of the Protective Order. I further agree to be bound by and to comply with the terms of the Protective Order as soon as I sign this Agreement, whether or not the

//

//

//

Page 9 - **STIPULATED JOINT MOTION FOR PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS**

Protective Order has been entered as an Order of the Court.

Name: _____

Address: _____

_____

_____

Telephone: _____

STATE OF_____ )
                                        ) ss.
COUNTY OF _____ )

On this _____ day of _____, 20___, before me, a notary public within and for said county, appeared _____, to me personally known, who, being duly sworn did say that s/he has read, signed, and agreed to Exhibit A to the Joint Motion and Protective Order as his/her free act and deed.

_____
Notary Public

My commission expires: _____

Page 10 - **STIPULATED JOINT MOTION FOR PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS**